UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**LATOYA HOLMES,**
individually and on behalf of
all those similarly situated,
    Plaintiff,

    v.                                      Case No. 22-CV-952

**MVP EVENT PRODUCTIONS, LLC,**
    Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and because the events and omissions giving rise to these claims occurred in this district.

### PARTIES

3. Latoya Holmes is an adult resident of Wisconsin. Plaintiff was employed as a food and beverage worker by MVP Event Productions, LLC between April 2022 and June 20, 2022. Plaintiff was classified as FLSA non-exempt in this

position and paid hourly wages, including overtime wages. Plaintiff has consented in writing to assert claims for overtime wages under the FLSA. Her consent form is filed as **Exhibit 1**.

4. MVP Event Productions, LLC, is a domestic limited liability company with its principal place of business in Wisconsin. On information and belief, MVP Event Productions, LLC, does more than $500,000 in business annually. MVP Event Productions, LLC does business in multiple states outside of Wisconsin.

5. The **FLSA Minimum Wage Class** is defined as:

> All persons who worked for MVP Event Productions, LLC, at American Family Field and were not paid minimum wages for each hour worked at any time since August 18, 2019.

6. The **FLSA Overtime Class** is defined as:

> All persons who worked for MVP Event Productions, LLC, at American Family Field and were not paid overtime premium compensation at any time since August 18, 2019.

7. The **Wisconsin Minimum Wage Class** is defined as:

> All persons who worked for MVP Event Productions, LLC, at American Family Field games and were not paid minimum wages for each hour worked at any time since August 18, 2020.

8. The **Wisconsin Overtime Class** is defined as:

> All persons who worked for MVP Event Productions, LLC, at American Family Field and were not paid overtime premium compensation at any time since August 18, 2020.

9. The **Wisconsin Agreed-Upon Wage Class** is defined as:

> All persons who worked for MVP Event Productions, LLC, at American Family Field and were not paid agreed upon

wages earned within 31 days of working at any time since August 18, 2020.

## FACTUAL ALLEGATIONS

10. Defendant provides food and beverage staffing for stadium, arenas, music festivals, and convention centers.

11. Plaintiff and members of the FLSA Minimum Wage Class and FLSA Overtime Class worked for Defendant at American Family Field at times since August 18, 2019.

12. Plaintiff and members of the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and the Wisconsin Agreed-Upon Wage Class worked for Defendant at American Family Field games at times since August 18, 2020.

13. Plaintiff and members of the FLSA Minimum Wage Class and FLSA Overtime Class prepared and worked with food and beverage items that traveled in interstate commerce.

14. Plaintiff and members of the FLSA Minimum Wage Class, FLSA Overtime Class, Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class worked approximately eight hours per day.

15. At times, Plaintiff and members of the FLSA Overtime Class and Wisconsin Overtime Class worked more than 40 hours in a workweek.

16. Defendant set the compensation rate for Plaintiff and members of the FLSA Minimum Wage Class, FLSA Overtime Class, Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class.

3

17. Defendant agreed to compensate Plaintiff and member of the Wisconsin Agreed-Upon Wage Class at hourly rates that exceeded the minimum wage.

18. Defendant set a regular pay schedule of every two weeks.

19. Defendant has failed to pay Plaintiff and members of the FLSA Minimum Wage Class, FLSA Overtime Class, Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class for all work performed by them.

20. Despite Defendant's compensation schedule, when Defendant did pay Plaintiff and the members of the FLSA Minimum Wage Class, FLSA Overtime Class, Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class, that pay was erratic in timing and amount.

21. In instances when Defendant did pay, Defendant often paid Plaintiff and members of the FLSA Minimum Wage Class and FLSA Overtime Class beyond the agreed upon regular two-week pay date.

22. In instances when Defendant did pay, Defendant often paid Plaintiff and members of the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class beyond 31 days of when their wages were earned.

23. Because of Defendant's erratic pay practices, Plaintiff and members of the FLSA Minimum Wage Class, FLSA Overtime Class, Wisconsin Minimum Wage

4

Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class were not compensated in a timely manner, if at all, for their work performed.

24. Defendant did not pay Plaintiff and members of the FLSA Minimum Wage Class, FLSA Overtime Class, Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class for all hours worked.

25. Defendant did not pay Plaintiff and members of the FLSA Overtime Class and Wisconsin Overtime Class an overtime premium wage for all hours worked in excess of 40 hours per week.

## CLASS ALLEGATIONS

26. Plaintiff brings the Third, Fourth, and Fifth Claims for Relief individually and on behalf of the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class, respectively, pursuant to Federal Rule of Civil Procedure 23(a) and (b).

27. The persons in the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class are each so numerous that joinder of each class's members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than fifty people who satisfy each class's definition.

28. There are questions of law and fact common to the Wisconsin Minimum Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

5

a. Whether Defendant maintained a common practice and policy of not timely paying its employees;

b. Whether Defendant maintained a common practice and policy of not paying its employees for all hours worked;

c. The nature and amount of compensable work performed by Plaintiff and members of the putative class;

d. The proper measure of damages sustained by Plaintiff and members of the putative class.

29. Plaintiff's claims are typical of those of to the Wisconsin Minimum Wage Class. Plaintiff, like other members of the to the Wisconsin Minimum Wage Class, was subjected to Defendant's illegal pay policy and practice resulting in a wage loss, including Defendant's policy of not timely paying its employees and not paying its employees for all hours worked.

30. There are questions of law and fact common to the Wisconsin Overtime Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

a. Whether Defendant maintained a common practice and policy of not paying overtime premium wages for all hours worked in excess of 40 hours per week;

b. The nature and amount of compensable work performed by Plaintiff and members of the putative class;

6

c. The proper measure of damages sustained by Plaintiff and members of the putative class.

31. Plaintiff's claims are typical of those of to the Wisconsin Overtime Class. Plaintiff, like other members of the to the Wisconsin Overtime Class, was subjected to Defendant's illegal pay policy and practice resulting in a wage loss, including Defendant's policy of not paying overtime premium wages.

32. There are questions of law and fact common to the Wisconsin Agreed-Upon Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

   a. Whether Defendant maintained a common practice and policy of not timely paying its employees;

   b. Whether Defendant maintained a common practice and policy of not paying its employees for all hours worked;

   c. Whether Defendant maintained a common practice and policy of not paying its employees their agreed-upon hourly wage;

   d. The nature and amount of compensable work performed by Plaintiff and members of the putative class;

   e. The proper measure of damages sustained by Plaintiff and members of the putative class.

33. Plaintiff's claims are typical of those of to the Wisconsin Agreed-Upon Wage Class. Plaintiff, like other members of the to the Wisconsin Agreed-Upon

7

Wage Class, was subjected to Defendant's illegal pay policy and practice resulting in a wage loss, including Defendant's policy of not timely paying its employees, not paying its employees for all hours worked, and not paying its employees their agreed-upon wage.

34. Plaintiff will fairly and adequately protect the interests of the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class and has retained counsel experienced in complex wage and hour litigation.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

36. Certification of the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class is appropriate under Rule 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied members of the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class wages for work performed to which they are entitled. The damages suffered by each class member are small compared to the expense and

burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

37. Plaintiff intends to send notice to all members of the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. Plaintiff, individually and on behalf of the FLSA Minimum Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

39. Defendant has been, and continue to be, an employer within the meaning of 29 U.S.C. § 203(d) and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

40. Plaintiff and members of the FLSA Minimum Wage Class are or were Defendant's employees within the meaning of 29 U.S.C. § 203(e).

41. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than $7.25 per hour.

42. Plaintiff and members of the FLSA Minimum Wage Class were not exempt from the minimum pay requirements of the FLSA.

9

43. During the applicable statute of limitations up to and continuing through the present, Defendant did not compensate Plaintiff and members of the FLSA Minimum Wage Class at the applicable minimum wage.

44. The foregoing practice violates the FLSA.

45. Defendant's violations of the FLSA were willful.

46. Because of these violations, Plaintiff and members of the FLSA Minimum Wage Class have suffered and continue to suffer wage loss.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiff, individually and on behalf of the FLSA Overtime Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

48. Defendant has been, and continue to be, an employer within the meaning of 29 U.S.C. § 203(d) and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

49. Plaintiff and members of the FLSA Overtime Class are or were Defendant's employees within the meaning of 29 U.S.C. § 203(e).

50. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

51. Plaintiff and members of the FLSA Overtime Class were not exempt from the overtime pay requirements of the FLSA.

52. During the applicable statute of limitations up to and continuing through the present, Plaintiff and members of the FLSA Overtime Class performed work in excess of 40 hours per week without receiving overtime compensation.

53. The foregoing practice violates the FLSA.

54. Defendant's violations of the FLSA were willful.

55. Because of these violations, Plaintiff and members of the FLSA Overtime Class have suffered and continue to suffer wage loss.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF WISCONSIN LAW

56. Plaintiff, individually and on behalf of the Wisconsin Minimum Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

57. Defendant has been, and continue to be, an employer within the meaning of Wis. Stat. §§ 104.01(3) and 109.01(2).

58. Plaintiff and members of the Wisconsin Minimum Wage Class are or were Defendant's employees within the meaning of Wis. Stat. §§ 104.01(2) and 109.01(1r).

59. Wisconsin law requires an employer to pay an employee at least $7.25 per hour.

60. Plaintiff and members of the Wisconsin Minimum Wage Class were not exempt from the minimum pay requirements of Wisconsin law.

61. During the applicable statute of limitations up to and continuing through the present, Defendant did not compensate Plaintiff and members of the Wisconsin Minimum Wage Class at the applicable minimum wage.

62. The foregoing practice violates Wisconsin law.

63. Defendant's violations of Wisconsin law were for dilatory or unjust reasons.

64. Because of these violations, Plaintiff and members of the Wisconsin Minimum Wage Class have suffered and continue to suffer wage loss.

## FOURTH CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

65. Plaintiff, individually and on behalf of the Wisconsin Overtime Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

66. Defendant has been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

67. Plaintiff and members of the Wisconsin Overtime Class are or were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

68. Wisconsin law requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

69. Plaintiff and members of the Wisconsin Overtime Class were not exempt from the overtime pay requirements of Wisconsin law.

70. During the applicable statute of limitations up to and continuing through the present, Defendant did not pay Plaintiff and members of the Wisconsin Overtime Class overtimes wages for all hours worked in excess of 40 per workweek.

71. The foregoing practice violates Wisconsin law.

72. Defendant's violations of Wisconsin law were for dilatory or unjust reasons.

73. Because of these violations, Plaintiff and members of Wisconsin Overtime Class have suffered and continue to suffer wage loss.

### FIFTH CLAIM FOR RELIEF:
### FAILURE TO PAY AGREED-UPON WAGES IN VIOLATION OF WISCONSIN LAW

74. Plaintiff, individually and on behalf of the Wisconsin Agreed-Upon Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

75. Defendant has been, and continue to be, an employer within the meaning of Wis. Stat. § 109.01(2).

76. Plaintiff and member of the Agreed-Upon Wage Class are or were of Defendant's employees within the meaning of Wis. Stat. § 109.01(1r).

77. Wisconsin law requires an employer to pay employees all agreed-upon wages within 31 days of the wages being earned.

78. Defendant agreed to compensate Plaintiff and member of the Wisconsin Agreed-Upon Wage Class at hourly rates that exceeded the minimum wage.

13

79. Defendant failed to compensate Plaintiff and member of the Wisconsin Agreed-Upon Wage Class at those agreed-upon hourly rates within 31 days of the wages being earned.

80. The foregoing practice violates Wisconsin law.

81. Defendant's violations of Wisconsin law were for dilatory or unjust reasons.

82. Because of these violations, Plaintiff and members of Wisconsin Agreed-Upon Wage Class have suffered and continue to suffer wage loss.

ACCORDINGLY, Plaintiff demands the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Minimum Wage Class and FLSA Overtime Class;

B. An order certifying this action as a class action on behalf of the proposed the Wisconsin Minimum Wage Class, Wisconsin Overtime Class, and Wisconsin Agreed-Upon Wage Class under Federal Rule of Civil Procedure 23(b)(3);

C. An order designating Latoya Holmes as representative of the FLSA Minimum Wage Class and FLSA Overtime Class;

D. An order designating Hawks Quindel, S.C. as class counsel;

E. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F. An order finding that Defendant violated the FLSA and Wisconsin wage-and-hour laws;

G. Judgment against Defendant in the amount equal to unpaid back wages at the applicable minimum, agreed-upon, and overtime rates of Plaintiff and members of the FLSA Minimum Wage Class, FLSA Overtime Class, Wisconsin Minimum Wage Class, and Wisconsin Overtime Class.

H. An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin wage-and-hour laws;

I. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

J. Leave to amend the Complaint to add additional claims; and

K. Such further relief as the Court deems just and equitable.

s/ LARRY A. JOHNSON
Larry A. Johnson, Bar No. 1056619
Connor J. Clegg, Bar No. 1118534
Timothy P. Maynard, Bar No. 1080953
Summer H. Murshid, Bar No. 1075404

Attorneys for Plaintiff
**Hawks Quindel, S.C.**
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: ljohnson@hq-law.com
tmaynard@hq-law.com
cclegg@hq-law.com
smurshid@hq-law.com